UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Brittney Quick,**

    **Plaintiff,**                :       Case No. 2:18-cv-1547

    v.                             Judge Sarah D. Morrison
                              :       Chief Magistrate Judge Elizabeth P. Deavers

**Mayor Jeff Hall,** *et al.*

    **Defendants.**

## OPINION AND ORDER

Defendants have filed two Motions *in Limine* on which this Court has not yet ruled. (ECF Nos. 43, 61.) Plaintiff Brittney Quick has filed Responses opposing these motions.[1] (ECF Nos. 50, 57.) These motions are now ripe for consideration.

**I.    MOTION TO EXCLUDE REQUEST FOR PUNITIVE DAMAGES**

Defendants move to exclude any request for punitive damages against the City of Newark or against Officers Carson Slee and Joseph Phillips (the "Officers") in their official or personal capacities. (ECF No. 43, at 1.) As discussed at the July 27, 2020, status conference, the City of Newark is not a defendant in this action. The motion is thus **DENIED AS MOOT** as it pertains to the City of Newark.

With regard to the claims against the Officers, Defendants primarily cite to Ohio law as to why a claim for punitive damages cannot survive. Ohio law only governs Ms. Quick's claim for intentional infliction of emotional distress ("IIED"). To receive punitive damages on her IIED claim, Ms. Quick must prove by clear and convincing evidence that Defendants

---

[1] One of Plaintiff's Responses (ECF No. 57) was filed in response to an earlier motion *in limine* that this Court struck for failure to comply with the Court's pretrial order. (*See* ECF No. 58.) At the July 27, 2020, status conference, Plaintiff indicated that she did not wish to file a new response when Defendants re-filed their compliant motion. (*See* ECF No. 60.) The Court thus construes this earlier Response as a response to the re-filed motion.

"demonstrate[d] malice or aggravated or egregious fraud . . . ." Ohio Rev. Code Ann. § 2315.21(C)(1), (D)(4) (West 2020). Because Ms. Quick makes no allegation of fraud, to receive punitive damages on her IIED claim, she must prove the existence of "malice." That means she must prove that Defendants acted out of "hatred, ill will or a spirit of revenge" or with "a conscious disregard for the rights and safety of other persons [in a manner] that has a great probability of causing substantial harm." *Calmes v. Goodyear Tire & Rubber Co.*, 575 N.E.2d 416, 419 (Ohio 1991) (internal quotation marks omitted). Ms. Quick's evidence does not show the intentional action or animosity that Ohio law requires. She may not seek punitive damages on her IIED claim.

However, as Ms. Quick points out, Ohio law does not govern her federal claims. Contrary to Ohio law, proving punitive damages on a § 1983 claim does not require proof of malice. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999). Similarly, federal law does not require the intentionality that Ohio law does. Rather, to recover punitive damages on a § 1983 claim, it is sufficient to prove a "reckless or callous disregard for the plaintiff's rights . . . ." *Smith v. Wade*, 461 U.S. 30, 51 (1983). Ms. Quick has put forth sufficient evidence to allow the jury to decide her claim for punitive damages on her § 1983 claims against the Officers in their personal capacities.

That leaves the issue of punitive damages as they pertain to Ms. Quick's claims against the Officers in their official capacities. A lawsuit brought against a public official in his official capacity is treated as a suit against the government entity rather than the official personally, since the entity is the real party in interest. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, in this case, the claims against the Officers in their official capacities are treated as a suit against the City of Newark. But punitive damages are not recoverable against a municipality in a § 1983

claim. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Ms. Quick thus may not recover punitive damages on her § 1983 claims against the Officers in their official capacities.

The Motion to Exclude punitive damages is **GRANTED IN PART AND DENIED IN PART**.

## II.     MOTION TO EXCLUDE ELIZABETH JOHNSON

Defendants argue that Ms. Johnson should be excluded from testifying for three reasons—1) she was not properly noticed as an expert witness, 2) she was misidentified in discovery, and 3) she is not qualified to testify about medical diagnoses or causation. As to the first, Ms. Quick does not intend to offer Ms. Johnson as an expert witness. (ECF No. 57, at 1.) A treating medical provider may properly testify as a fact witness to observations learned through treatment. *See Merendo v. Ohio Gastroenterology Grp., Inc.*, No. 2:17-CV-817, 2019 WL 3254620, at *2 (S.D. Ohio July 19, 2019); *cf.* Fed R. Civ. P. 26(a), cmt. 2010 Amendments, subdivision (a)(2)(C) ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony . . . . Frequent examples include physicians or other health care professionals . . . ."). Ms. Quick thus was not required to notice Ms. Johnson as an expert witness, and Ms. Johnson may testify to facts within her personal knowledge.

As to the second, Defendants overstate this purported misidentification while failing to identify any prejudice. It is true that in her early disclosures Ms. Quick misidentified Ms. Johnson as a "physician," erroneously referred to her as a psychiatrist, and mistakenly referred to her as "Dr. Elizabeth Johnson." (*See, e.g.*, ECF Nos. 61-1, 61-2, 61-3; Brittney Quick Dep. 176:4–6, ECF No. 18-3.) This is consistent with Ms. Quick's mistaken belief that Ms. Johnson was a psychiatrist rather than a nurse practitioner. (Quick Dep. 172:6–13.)

3

Regardless of her job title, Defendants have had Ms. Johnson's address and phone number since receiving Ms. Quick's interrogatory responses. (ECF No. 61-1, at 7.) Defendants do not allege that this contact information was incorrect or that they were unable to contact Ms. Johnson. Moreover, although Defendants imply that they had no idea that Ms. Johnson was a nurse practitioner, this is clearly untrue. During Ms. Quick's deposition, Defendants' counsel asked Ms. Quick about a nurse practitioner identified in her medical records. (Quick Dep. 172:6–8.) And it is Defendants' counsel, not Ms. Quick, who first identifies this nurse practitioner as "Elizabeth Johnson." (*Id.* 175:7–9.) It is apparent that since discovery was first exchanged Defendants knew Ms. Johnson's contact information, and at least as of July 8, 2019, Defendants knew exactly what Ms. Johnson's job was. They cannot now claim surprise or an inability to vet her qualifications. Defendants had plenty of time and opportunity to depose her or to seek additional discovery regarding her qualifications. They cannot now move to exclude her testimony simply because they opted not to do so.

Finally, Defendants denigrate Ms. Johnson's qualifications and claim that "nurses" are not qualified to testify to medical diagnoses or causation. In making such a statement, Defendants rely on law from states outside of Ohio, and they group all nurses together, regardless of training. For example, Defendants cite to Ohio Revised Code § 4723.151(A) as prohibiting nurses from the practice of medicine. (ECF No. 61, at 5.) But § 4723.151(B) specifically excludes nurse practitioners from the scope of this section. Ohio Rev. Code Ann. § 4723.151(B) (West 2020).

Ohio law allows nurse practitioners to prescribe medications in particular circumstances. *See* Ohio Admin. Code 4723-9-10 (2020). Nurse practitioners can also make medical diagnoses if they work "in collaboration with" a physician. *See* Ohio Rev. Code Ann. § 4723.43(C) (West

4

2020); *cf. Disciplinary Counsel v. Hilburn*, 984 N.E.2d 940, 946–47 (Ohio 2012) (per curiam) (allowing nurse practitioner's disability diagnosis to be used as mitigating evidence in attorney disciplinary proceedings because of the nurse practitioner's association with a physician in the same medical practice).

Defendants maintain that Ms. Johnson's testimony as to diagnosis and causation is properly characterized as expert testimony rather than lay testimony. (ECF No. 61, at 6.) That is not necessarily true. If Ms. Johnson treated Ms. Quick and drew conclusions from her observations of Ms. Quick and her review of Ms. Quick's medical records, this may qualify as lay opinion testimony. *See Merendo*, 2019 WL 3254620, at *2. Defendants focus on the fact of Ms. Johnson's medical training, but what matters is the character of the *testimony*, not the character of the *witness*. *United States v. White*, 492 F.3d 380, 403 (6th Cir. 2007). A witness with expert training can still testify to her personal knowledge of the facts at issue. *See id.* She can even testify to her conclusions so long as those conclusions are the result of everyday reasoning rather than specialized experience. *See United States v. Williamson*, 483 F. App'x 139, 143 (6th Cir. 2012). For example, a lay person who sees a person grabbing at his throat and struggling to breathe could conclude that that person is choking and in need of medical assistance just as easily as a doctor can. That the conclusion relates to a medical matter does not remove it from the realm of lay opinion.

Assuming Ms. Quick lays the proper foundation and that the evidence is otherwise admissible, there is no reason that Elizabeth Johnson cannot provide lay testimony regarding her interactions with Ms. Quick, such as what Ms. Johnson observed, what she reviewed in Ms. Quick's medical records, what Ms. Quick told her[2], and what Ms. Johnson concluded from these

---

[2] *See* Fed. R. Evid. 803(4).

5

observations, so long as those conclusions do not rely on specialized knowledge. Should Ms. Johnson go beyond these confines and stray into expert territory, Defendants are free to renew their objection at trial. The Motion to Exclude Elizabeth Johnson is **DENIED**.

### III. CONCLUSION

Defendants' Motion to Exclude punitive damages (ECF No. 43) is **GRANTED IN PART AND DENIED IN PART**. Defendants' Motion to Exclude the testimony of Elizabeth Johnson (ECF No. 61) is **DENIED**.

 **IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**